```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

ENFENDIEU BULTUMER,            )
          Petitioner,          )
     v.                        )   C.A. No. 03-12561-REK
                               )
ANDREA J. CABRAL, SHERIFF,     )
          Respondent.          )
```

                    MEMORANDUM AND ORDER

   For the reasons stated below, petitioner is granted thirty-five (35) days to file a petition pursuant to 28 U.S.C. § 2254 for writ of habeas corpus accompanied by either the $5.00 filing fee or an Application to Proceed Without Prepayment of Fees.

                         BACKGROUND

   On December 5, 2003, Enfendieu Bultumer, an immigration detainee now confined to the Suffolk County House of Correction, filed a letter accompanied by several documents concerning his 1997 conviction for possession of cocaine, G.L. ch. 94C, § 34 in Brockton District Court. Mr. Bultumer's letter asks this Court to (1) appoint counsel to represent him and (2) vacate his state court conviction. Mr. Bultumer explains that on September 10, 2003 his counseled motion for a verdict of not guilty was denied. Such motion was based, in part, on the fact that the trial record failed to include the actual substance allegedly seized from Mr. Bultumer or a certificate of analysis concerning such substance.

From the documents accompanying Mr. Bultumer's letter, it appears (1) Mr. Bultumer was charged with (a) possession of cocaine, (b) drug sale in school zone, and (c) conspiracy to violate drug law; (2) Mr. Bultumer was found guilty of the first count but only of its lesser included offense possession of cocaine; (3) Mr. Bultumer was found not guilty on the remaining counts; (4) Mr. Bultumer was sentenced to 86 days time served; (5) the docket and CORI record for Mr. Bultumer's case incorrectly listed his conviction as one for a deportable offense under G.L. c. 94C, § 32A (Class B controlled substances; unlawful manufacture, distribution, dispensing or possession with intent to manufacture, etc.) rather than G.L. c. 94C, § 34 (unlawful possession of particular controlled substances, including heroin and marihuana); (6) immigration proceedings were commenced against Mr. Bultumer; and (7) the prosecutor and defense attorney aver that they have no memory as to whether a certificate of analysis or the actual substance was admitted into evidence.

## DISCUSSION

The Court must take special care when viewing a pro se litigant's submissions which, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520

(1972).  The Court has reviewed Mr. Bultumer's letter in light of this standard.

Through his letter, Mr. Bultumer seeks to challenge his state court conviction.  Because the letter does not conform to the requirements set forth in Rule 2(c)[1] of the Rules Governing Section 2254 Cases in the United States District Courts, the Court will allow Mr. Bultumer additional time to file a Section 2254 petition that conforms with the Rule 2. <u>See</u> Rule 2(c) of the Rules Governing Habeas Corpus Cases Under Section 2254.

<u>ORDER</u>

Mr. Bultumer will be granted thirty-five (35) days from the date of this Memorandum and Order to file a petition pursuant to 28 U.S.C. § 2254 for writ of habeas corpus accompanied by

---

[1] Rule 2(c) of the Rules Governing Section 2254 Cases provides:
> The petition shall be in substantially the form annexed to these rules, except that any district court may by local rule require that petitions filed with it shall be in a form prescribed by the local rule.  Blank petitions in the prescribed form shall be made available without charge by the clerk of the district court to applicants upon their request.  It shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified. The petition shall be typewritten or legibly handwritten and shall be signed under penalty of perjury by the petitioner.

either the $5.00 filing fee or an Application to Proceed Without Prepayment of Fees and Affidavit.[2]

The Clerk shall send petitioner a form for filing a Petition Pursuant to 28 U.S.C. § 2254 for Writ of Habeas Corpus and an Application to Proceed Without Prepayment of Fees.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>30th</u> day of <u>December</u>, 2003.

     / Robert E. Keeton
ROBERT E. KEETON
UNITED STATES SENIOR DISTRICT JUDGE

---

[2] A party filing a Section 2254 habeas corpus petition must either (1) pay the $5 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees. <u>See</u> 28 U.S.C. § 1914(a) (fees); § 1915 (proceedings <u>in forma pauperis</u>).