```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| ENFENDIEU BULTUMER,              )  | |
|     Petitioner,              ) | |
|                                     )    | |
| v.                                 )    C.A. No. 03-12561-REK | |
|                                     ) | |
| ANDREA J. CABRAL,                  ) | |
|     Respondent.              ) | |

## MEMORANDUM AND ORDER

On March 30, 2004, petitioner, an immigration detainee at the Suffolk County Jail and House of Correction, filed a pleading entitled Motion for Stay of Deportation.

For the reasons set forth below, the Clerk is directed to assign the motion a new civil action number.

## BACKGROUND

On March 30, 2004, petitioner, an immigration detainee at the Suffolk County Jail and House of Correction, filed a pleading entitled Motion for Stay of Deportation ("Motion"). See Docket No. 7. The Motion states that (1) Mr. Bultumer is under a final order of deportation; (2) the Board of Immigration Appeals dismissed his appeal on March 16, 2004; (3) Mr. Bultumer is asking for "C.A. No. 04-10138-REK to be opened;" and (4) he seeks a stay until his state criminal appeal is exhausted. Id.

Petitioner's Motion requests the reopening of C.A. No. 04-10138-REK. By Order dated February 17, 2004, the pleadings filed in C.A. No. 04-10138-REK were docketed in the instant action and the 2004 case is now closed. See Docket No. 3, C.A. No. 04-

10138-REK. Because petitioner's 2004 case is closed, the Clerk was directed to file petitioner's Motion in the instant action.

## DISCUSSION

Mr. Bultumer's petition for habeas corpus relief challenges his state court conviction pursuant to 28 U.S.C. § 2254. See Petition, Docket No. 3. Petitioner alleges the state court docket and CORI record for his state criminal case incorrectly listed his conviction as one for a deportable offense under G.L. c. 94C, § 32A (Class B controlled substances; unlawful manufacture, distribution, dispensing or possession with intent to manufacture, etc.), rather than G.L. c. 94C, § 34 (unlawful possession of particular controlled substances, including heroin and marihuana). Id.

Now, Mr. Bultumer seeks a stay of the execution of his deportation order. The Court notes that petitioner's Motion lists the Immigration and Naturalization Service as respondent in the case caption of the Motion. Although the federal court may extend habeas relief to a petitioner held in custody under color of federal law, such relief is available pursuant to 28 U.S.C. § 2241(c)(2), and not Section 2254.

The Court will direct the Clerk to treat the motion as a complaint in a new Civil Action and then bring the new Civil Action to Chief Judge Young's attention for his decision as to whether, under Local Rule 40.1(G)(1), it should be assigned to himself as related to Bultumer v. United States, C.A. No. 02-

11767-WGY, or instead returned to the Clerk to be drawn as not related to any pending or recently closed case.

ORDER

Accordingly, the Clerk is directed to treat the plaintiff's submission as the complaint in a new case and bring it to Chief Judge Young's attention for his decision about assignment, as explained above.

SO ORDERED.

Dated at Boston, Massachusetts, this 1st day of April, 2004.

                                      */s/ Robert E. Keeton*
                                      ROBERT E. KEETON
                                      SENIOR UNITED STATES DISTRICT JUDGE