UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ENFENDIEU BULTUMER,  )
                    )
    Petitioner,      )
                    )
v.                  )   Civil Action No. 03-12561-REK
                    )
ANDREA J. CABRAL,   )
                    )
    Respondent.     )

**RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED**

**Introduction**

The respondent, Andrea J. Cabral, respectfully submits this memorandum of law in support of her motion to dismiss the petition for writ of habeas corpus filed by the petitioner, Enfendieu Bultumer. The petition must be dismissed as time-barred under 28 U.S.C. § 2244(d), the statute of limitations for federal habeas corpus petitions, which is contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The petitioner's conviction became final, for purposes of AEDPA, on July 7, 1997, after a period of thirty (30) days from the entry of the amended judgment[1] in which the petitioner had the opportunity to file an appeal with the Massachusetts Appeals Court. Any petition for a writ of habeas corpus needed, therefore, to be filed in this Court on or before July 7, 1998. The petition was not, however, filed in this

---

[1] The judgment of which the petitioner complains was entered on May 29, 1997. The docket in the petitioner's criminal case contains a subsequent entry dated June 6, 1997, which reads "Amended judgment or sentence entered." *See Docket Sheet*, attached hereto as Exhibit A. It is not clear that this action of the court actually changed the judgment against the petitioner (rather than simply modifying the petitioner's sentence). *See id.* For purposes of this motion, however, the June 6th date, rather than the earlier judgment date of May 29, 1997, will be used.

Court until December 5, 2003, more than (5) years after the statute of limitations had expired. Accordingly, the petition must be dismissed as time-barred.

## Prior Proceedings

On May 29, 1997, a justice of the Brockton District Court found the petitioner guilty of (1) possession of a Class B substance with intent to distribute; (2) violation of drug laws within a school zone; and (3) conspiracy to violate drug laws. *See* Docket Sheet for Brockton District Court Criminal Action No. 9715-CR-001385 (hereinafter, "Docket Sheet"), attached hereto as Exhibit A. The petitioner did not appeal this conviction.[2] *Id.* On June 18, 1997, the petitioner filed a motion to revise and revoke his sentence. *Id.*

The instant federal habeas petition was filed in this Court on December 5, 2003.

## Argument

**A.   The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.**

The petitioner's request for a writ of habeas corpus must be dismissed under the statute of limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244(d), which became effective April 24, 1996. That provision, which is applicable to federal habeas corpus petitions filed by state prisoners, provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[2] Beginning on October 11, 2002, the petitioner filed a motion for a new trial and certain other motions in the Brockton District Court. *See* Docket Sheet. The petitioner has appealed the denial of one or more of these motions filed in 2002 and 2003. *See id.* However, as is set forth in greater detail above, by 2002 the time period for filing a habeas petition had long since passed. Accordingly, any appeal of these 2002/2003 motions does not affect this Court's determination of the motion to dismiss.

2

> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(emphasis added).

In the instant case, the guilty verdict in the petitioner's case was handed down on June 6, 1997. *See* Docket Sheet, Exhibit A. Allowing thirty (30) days in which the petitioner could file an appeal with the Massachusetts Appeals Court, the petitioner's conviction became final on July 7, 1997. *See* 28 U.S.C. § 2244(d)(1)(A). Any petition for a writ of habeas corpus needed to be filed within one year of the date his conviction became final. *See id.; see also Lattimore v. DuBois*, 311 F.3d 46, 53-54 (1st Cir. 2002); *see also David v. Hall*, 318 F.3d 343, 344 (1st Cir. 2003); *Gaskins v. Duval*, 183 F.3d 8, 9-10 (1st Cir. 1999). However, he did not file the petition until December 5, 2003, a date more than five (5) years after the statute of limitations had run. *See Lattimore*, 311 F.3d at 53-54; *Gaskins*, 183 F.3d at 9-10.

First Circuit precedent holds that a petition filed even one day late for the statute of limitations deadline must be dismissed as untimely. *See Lattimore,* 311 F.3d at 53-54. Since the petition was filed outside the statute of limitations, the petition is untimely and must be denied.

*See* 28 U.S.C. § 2244(d)(1)(A); *see also Lattimore*, 311 F.3d at 53-54.

**B.     The Petitioner's 1997 Motion to Revise and Revoke His Sentence Under Mass. R. Crim. P. 29 Does Not Toll the Running of the Statute of Limitations**

The petitioner may argue that the statute of limitations in the instant case was tolled because he filed a motion to revise and revoke his sentence, pursuant to Mass. R. Crim. P. 29, on June 18, 1997.  *See* Docket Sheet, Exhibit A.  However, the filing of a Rule 29 motion does not serve to toll the statute of limitations since it is not "post-conviction or collateral review" within the meaning of AEDPA.  *See Bland v. Hall*, 2002 WL 989532 *2 (D. Mass., May 14, 2002)(where motion "does not amount to a collateral attack" on a conviction, it is not a tolling event under 28 U.S.C. § 2244(d)(2))(internal quotations omitted), *aff'd* 2003 WL 182561 (1st Cir., April 8, 2003).  *See also Bridges v. Johnson,* 284 F.3d 1201 (11th Cir. 2002)(sentence review application did not stop AEDPA's clock because it was not a mechanism for reviewing the merits of a conviction); *Walkowiak v. Haines*, 272 F.3d 234, 238 (4th Cir. 2001)(to trigger Section 2244(d)(2), a petitioner must have invoked a procedure that "challenges the legality of the earlier proceeding or judgment").

AEDPA provides that "[t]he time during which an properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).  In order to constitute such "post-conviction or other collateral review," the application in question must challenge the underlying conviction and not merely be a plea for leniency in sentencing.  *See Walkowiak*, 272 F.3d at 238.  Courts which have examined this issue have found that simply asking for a reduction of the sentence imposed, without challenging the

4

legality of the underlying conviction, is not sufficient to constitute "post conviction or other collateral review" for tolling the statute of limitations.[3] *See Bridges,* 284 F.3d at 1202-02; *Walkowiak,* 272 F.3d at 236-38. For example, in *Bridges v. Johnson,* 284 F.3d 1201 (11th Cir. 2002), the Eleventh Circuit found that since motions under the Georgia statute permitting review of sentences did not promote the twin aims of exhaustion and finality articulated by the Supreme Court in *Duncan v. Walker,* 522 U.S. 167, 179 (2001), such motions did not toll the statute of limitations for habeas claims pursuant to Section 2244(d)(2). *See Bridges,* 284 F.3d at 1202-04; *see also Duncan v. Walker,* 522 U.S. 167, 179 (2001). Likewise, in *Walkowiak v. Haines,* 272 F.3d 234, 238 (4th Cir. 2001), the Fourth Circuit found that a motion under the West Virginia Rule of Criminal Procedure for "correction or reduction of sentence" did not toll the statute of limitations because it was "neither, properly understood, a proceeding separate and distinct from the proceeding in which the original judgment was rendered, nor even a proceeding in which the legality of the original judgment is attacked. *Walkowiak,* 272 F.3d at 237.

Under Massachusetts law, the only vehicle for such "post-conviction or other collateral review" is a motion or appeal pursuant to Rule 30 of the Massachusetts Rules of Criminal

---

[3] In dicta in the case of *Voravongsa v. Wall,* 349 F.3d 1 (1st Cir. 2003), the First Circuit stated that the petitioner's post-conviction motion for appointment of counsel did not serve to toll the statute of limitations because it did not "collaterally attack his state conviction or sentence." 349 F.3d at 6. However, the *Voravongsa* case arose in the context of a review of the Rhode Island Post Conviction Remedy Act, § 10-9.1-1 *et seq.,* which is the exclusive remedy under Rhode Island law for challenging the validity of the conviction or sentence. *Voravongsa,* 349 F.3d at 4-5. The dicta in the *Voravongsa* decision makes no mention of, and has no bearing on, a challenge raised under Massachusetts law, where Massachusetts law provides separate vehicles for challenging a conviction (Rule 30) and for seeking leniency in sentencing (Rule 29). *See* Mass. R. Crim. P. 29, 30. As is set forth in detail above, only Rule 30 (not Rule 29) provides a vehicle for challenging the conviction which satisfies the requirements for tolling the statute of limitations.

Procedure,[4] which provides post-conviction relief for persons who are "imprisoned or restrained" in violation of state or federal law. *See* Mass. R. Crim. P. 30; *Stewart, petitioner*, 411 Mass. 566, 568 (1982)(Rule 30 "encompasses all motions for postconviction relief that challenge 'the sentence, conviction, or confinement imposed'")(internal citations omitted); *In re McCastle*, 401 Mass. 105, 106 (1987)(holding that Rule 30 of the Massachusetts Rules of Criminal Procedure is "the exclusive vehicle for postconviction relief")( *quoting Leaster v. Commonwealth*, 385 Mass. 547, 549 (1982)). *See also, generally,* Kent B. Smith, *Massachusetts Practice*, Vol. 30A, §§ 2021-61 (West 1983 & Supp. 2000). By contrast, a motion pursuant to Rule 29 does not challenge the legality of the underlying criminal conviction or sentence. *See* Kent B. Smith, *Massachusetts Practice*, Vol. 30A, § 2021, *quoting* Reporter's Notes to Mass. R. Crim. P. 29. Instead, Rule 29 provides a mechanism where by the trial judge may reconsider a concededly lawful sentence to remedy some perceived unfairness. *Id. See also* Mass. R. Crim. P. 29, 378 Mass. 899 (1979). Since the petitioner in the instant case had only a motion under Rule 29, and not under Rule 30, pending after his conviction became final[5], his petition was time-barred as of July 7, 1998, one year after his conviction became final. Accordingly, the petition should now be dismissed. *See Bridges*, 284 F.3d at 1204.

---

[4] Rule 30 of the Massachusetts Rules of Criminal Procedure is entitled "Post Conviction Relief." Mass. R. Crim. P. 30.

[5] The docket sheet is not clear as to when the court's ruling on the motion to revise and revoke was handed down. However, since such a motion does not toll the statute of limitations, the date of decision on the Rule 29 motion is not relevant to the Court's determination of this motion to dismiss.

## Conclusion

For the foregoing reasons, the respondents respectfully request that this Court dismiss the instant petition for a writ of habeas corpus as time-barred.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: April 9, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, Enfendieu Bultumer, on April 9, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows: Enfendieu Bultumer, Suffolk County House of Correction, 20 Bradson Street, Boston, Massachusetts, 02118.

Maura D. McLaughlin

# EXHIBIT A

| RECORD OF CRIMINAL CASE | DOCKET NO. 9715 CR 001385 | Trial Court of Massachusetts District Court Department |
|---|---|---|
| DEFENDANT NAME ENFENDIEU BULTUMER | | COURT NAME & ADDRESS BROCKTON TRIAL COURT 215 MAIN ST P.O. BOX 7610 BROCKTON MA 02303-7610 (508) 587-8000 |
| DEFENDANT ALIAS(ES) | | |

| DEFENDANT ADDRESS 44 BATTLES STREET 1ST | CITY / TOWN BROCKTON | STATE MA | ZIP CODE 02301 |
|---|---|---|---|
| SEX M | DATE OF BIRTH 10/05/73 | CITY OF BIRTH HAITI | STATE OF BIRTH | SOCIAL SECURITY NO. 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 |
| MOTHER'S MAIDEN NAME OCEAN, CIA | | FATHER'S NAME BULTUMER, JORDAN | |
| PCF NO. 2289933 | SID NO. | DRIVERS LICENSE NO. S34199423 | LICENSE STATE MA |

## CASE INFORMATION

| NO. COUNTS 4 | POLICE DEPT BRO | POLICE INCIDENT NO. 97002327 | OFFENSE LOCATION BROCKTON | ARREST DATE 2/22/97 | MV CITATION NO. |
|---|---|---|---|---|---|
| CURRENT DEFENSE ATTORNEY MICHAEL A. NAM-KRANE | | | ATTORNEY TYPE APPOINTED - INDIGENT | | |
| CURRENT PROSECUTOR | | | COMPLAINANT DURFEE, SGT. PAUL W. | | |

## OFFENSE AND JUDGMENT INFORMATION

```
COUNT:    1 OFFENSE DATE: FEBRUARY 22, 1997
  94C/32A/G        DRUG, POSSESS TO DISTRIB CLASS B

JUDGMENT DATE:  5/29/97                JUDGMENT JUDGE: HON. DAVID G. NAGLE JR.
JUDGMENT METHOD: BENCH TRIAL           JUDGMENT: GUILTY OF LESSER INCLUDED

COUNT:    2 OFFENSE DATE: FEBRUARY 22, 1997
  94C/32J          DRUG VIOLATION NEAR SCHOOL/PARK

JUDGMENT DATE:  5/29/97                JUDGMENT JUDGE: HON. DAVID G. NAGLE JR.
JUDGMENT METHOD: BENCH TRIAL           JUDGMENT: NOT GUILTY

COUNT:    3 OFFENSE DATE: FEBRUARY 22, 1997
  94C/40           CONSPIRACY TO VIOLATE DRUG LAW

JUDGMENT DATE:  5/29/97                JUDGMENT JUDGE: HON. DAVID G. NAGLE JR.
JUDGMENT METHOD: BENCH TRIAL           JUDGMENT: NOT GUILTY

COUNT:    4 OFFENSE DATE: FEBRUARY 22, 1997
  94C/34/C         DRUG, POSSESS CLASS B

JUDGMENT DATE:  5/28/97                JUDGMENT JUDGE: HON. DAVID G. NAGLE JR.
JUDGMENT METHOD: BENCH TRIAL           JUDGMENT: GUILTY
JAIL START DATE:  5/29/97              INSTITUTION: PLYMOUTH HOUSE OF CORRECTION
TERM OF SENTENCE:     86 DAYS
AMOUNT TO BE SERVED:  86 DAYS
JAIL CREDIT DAYS:  86  CONSECUTIVE TO:              CONCURRENT WITH:
```

---

## BAIL/BOND INFORMATION

```
BAIL TYPE         BOND AMT SET    CASH AMT SET  DATE SET  JUDGE
CASH ONLY                         $500.00       2/24/97   HON. DAVID G. NAGLE JR.
```

| PAGE 1 | DATE RECORD PRINTED 3/15/04 | A TRUE COPY ATTEST | CLERK MAGISTRATE *[signature]* |
|---|---|---|---|

CRF21A 3/15/04 9:01 AM

| RECORD OF CRIMINAL CASE | DOCKET NO. 9715 CR 001385 | Trial Court of Massachusetts  District Court Department |
|---|---|---|

CASH ONLY $200.00 4/25/97 HON. JAMES W. DOLAN

---

### FINES/FEES/COSTS ASSESSED

| COUNT # FEE CODE DESC | AMOUNT ASSESSED | AMOUNT PAID/WAIVED | BALANCE DUE |
|---|---|---|---|
| COUNSEL FEE | $100.00 | $100.00 | $.00 |
| TOTAL | $100.00 | $100.00 | $.00 |

### PAYMENT HISTORY

| RECEIPT NO. | RECEIPT DATE | RECEIPT AMOUNT | METHOD OF PAYMENT |
|---|---|---|---|
| 33427 | 5/29/97 | $100.00 | WAIVED |

### BAIL HISTORY

RECEIPT#: 5425   DATE POSTED: 05/20/1997   AMOUNT POSTED: $200.00
                 METHOD: CHECK

SURETY: THERILUS, FRANZY
RETURNED:        06/02/1997        $200.00   CHECK

### DOCKET ENTRIES

| DATE | CODE | DOCKET ENTRY | JDG/MAG | ACTION DATE |
|---|---|---|---|---|
| 2/24/97 | AC | APPLICATION FOR COMPLAINT FILED | | |
| 2/24/97 | ZCI | COMPLAINT ISSUED | KML | |
| 2/24/97 | ARR | ARRAIGNMENT SCHEDULED FOR | | 2/24/97 |
| 2/24/97 | PI | PROBATION INTAKE FORM PRINTED | KML | |
| 2/24/97 | BRW | BAIL REVOCATION WARNING (276 §58) GIVEN DEFT | DGN | |
| 2/24/97 | CAI | COUNSEL APPOINTED FOR INDIGENT DEFENDANT | DGN | |
| 2/24/97 | | 303380  LOGAR, JAMES R | | |
| 2/24/97 | ARRH | ARRAIGNMENT HELD | DGN | 2/24/97 |
| 2/24/97 | PT | PRETRIAL HEARING SCHEDULED FOR | | 3/21/97 |
| 2/24/97 | MITB | MITTIMUS IN LIEU OF BAIL TO | | |
| 2/24/97 | | PJ   : PLYMOUTH JAIL | | |
| 2/24/97 | | COUNT 1 AMENDED TO COUNT 4, 94C/32A/G | | |
| 2/24/97 | CAI | COUNSEL APPOINTED FOR INDIGENT DEFENDANT | DGN | |
| 2/24/97 | | 552576  PLOUFFE, JOHN TERENCE | | |
| 2/27/97 | | 2-25-97 AFTER HEARING, PETITION DENIED | SUPR | |
| 3/21/97 | PTH | PRETRIAL HEARING HELD | JWD | 3/21/97 |
| 3/21/97 | JT | JURY TRIAL SCHEDULED FOR | | 4/25/97 |
| 3/21/97 | MITB | MITTIMUS IN LIEU OF BAIL TO | | |
| 3/21/97 | | PJ   : PLYMOUTH JAIL | | |
| 4/25/97 | JHH | JUDGE'S HEARING HELD | JWD | 4/25/97 |
| 4/25/97 | T | BENCH TRIAL SCHEDULED FOR | | 5/29/97 |
| 4/25/97 | MITB | MITTIMUS IN LIEU OF BAIL TO | | |
| 4/25/97 | | PJ   : PLYMOUTH JAIL | | |
| 5/29/97 | TH | BENCH TRIAL HELD | DGN | 5/29/97 |
| 5/29/97 | ZCOM | CASE CLOSED-DEFENDANT COMMITTED | DGN | |
| 5/29/97 | JE | JUDGMENT ENTERED | DGN | |
| 5/29/97 | ARMV | ABSTRACT SENT TO REGISTRY OF MOTOR VEHICLES | DGN | 5/29/97 |
| 5/29/97 | MIT | MITTIMUS FOR SENTENCE ISSUED | DGN | |
| 5/29/97 | | PHC  : PLYMOUTH HOUSE OF CORRECTION | | |

| PAGE | DATE DOCKET PRINTED | | CLERK MAGISTRATE |
|---|---|---|---|
| 2 | 3/15/04 | A TRUE COPY ATTEST | [signature] |

CRF21B 3/15/04 9:01 AM

| RECORD OF CRIMINAL CASE | DOCKET NO. 9715 CR 001385 | Trial Court of Massachusetts District Court Department |
|---|---|---|

| Date | Code | Description | Clerk | Date |
|---|---|---|---|---|
| 6/06/97 | | AMENDED JUDGMENT OR SENTENCE ENTERED | DGN | |
| 6/18/97 | | MOTION TO REVISE AND REVOKE FILED BY ATTY | | |
| 6/18/97 | | PLOUFFE FOR LATER DATE | | |
| 10/11/02 | | DEFENDANT'S MANDATORY MOTION FOR A NEW TRIAL | | |
| 10/11/02 | | PURSUANT TO M.G.L. C. 278, SEC. 29D | | |
| 10/11/02 | | FILED BY DEFENDANT TOGETHER WITH | | |
| 10/11/02 | | MOTION TO APPOINT COUNSEL | | |
| 10/11/02 | TUA | JUDGE NAGLE | KML | |
| 10/18/02 | | AFTER REVIEW OF COURT DOCUMENTS DEFENDANT | | |
| 10/18/02 | | WAS CONVICTED BY A JURY WAIVED TRIAL; | | |
| 10/18/02 | | THERE WAS NO PLEA ON THIS CASE | | |
| 10/18/02 | | REQUIRING AN ALIEN WARNING. | | |
| 10/18/02 | MD | MOTION DENIED | DGN | |
| 8/06/03 | CAI | COUNSEL APPOINTED FOR INDIGENT DEFENDANT | KML | |
| 8/06/03 | | 636003 NAM-KRANE, MICHAEL A. | | |
| 8/06/03 | | APPOINTED FOR COLLATERAL SCREENING | | |
| 8/06/03 | | WITH CONTACT | | |
| 8/18/03 | BF | BROUGHT FORWARD | DGN | 5/29/97 |
| 8/18/03 | SR | STATUS REVIEW SCHEDULED FOR | | 8/18/03 |
| 8/18/03 | AIC | ACTION IN COURT FORM | | |
| 8/18/03 | | REQUEST FROM ATTY TO CORRECT THE PROBATION | | |
| 8/18/03 | | RECORD OF DEFENDANT | | |
| 8/18/03 | | SO ORDERED - . . . CORRECT AS FOR POSSESSION | JJB | |
| 8/18/03 | | ONLY . . . | | |
| 8/18/03 | JHH | JUDGE'S HEARING HELD | DGN | 8/18/03 |
| 8/18/03 | | AMENDED JUDGMENT OR SENTENCE ENTERED | DGN | |
| 8/18/03 | ZCOM | CASE CLOSED-DEFENDANT COMMITTED | DGN | 5/29/97 |
| 8/28/03 | | ATTY MICHAEL NAM-KRANE FILED: | | |
| 8/28/03 | | EMERGENCY MOTION FOR A VERDICT OF NOT GUILTY; | | |
| 8/28/03 | | AFFIDAVIT OF APPELLATE COUNSEL IN SUPPORT OF | | |
| 8/28/03 | | EMERGENCY MOTION FOR A VERDICT OF NG; | | |
| 8/28/03 | | AFFIDAVIT OF TRIAL COUNSEL; | | |
| 8/28/03 | | AFFIDAVIT OF TRIAL DEFENSE COUNSEL; AND | | |
| 8/28/03 | | ORDER | | |
| 8/28/03 | TUA | JUDGE NAGLE | KML | |
| 9/03/03 | | SET UP FOR HEARING | DGN | |
| 9/03/03 | BF | BROUGHT FORWARD | DGN | 5/29/97 |
| 9/03/03 | M | MOTION(S) SCHEDULED FOR HEARING ON | | 9/09/03 |
| 9/03/03 | NONE | NOTICE OF NEXT EVENT ISSUED | | |
| 9/08/03 | | REQUEST TO HABE IN DEFENDANT RECEIVED | | |
| 9/08/03 | | FROM ATTY ATTY NAM-KRANE | | |
| 9/08/03 | | REQUEST TO HABE IN DEFENDANT DENIED | DGN | |
| 9/08/03 | AIC | ACTION IN COURT FORM | | |
| 9/09/03 | MH | MOTION(S) HEARD | DGN | 9/09/03 |
| 9/09/03 | TUA | TAKEN UNDER ADVISEMENT | DGN | |
| 9/09/03 | | BOTH PARTIES WILL BE NOTIFIED. | DGN | |
| 9/10/03 | | EMERGENCY MOTION FOR A VERDICT OF NOT GUILTY | | |
| 9/10/03 | | - DENIED AFTER HEARING | DGN | |
| 9/10/03 | | FINDINGS OF FACT AND RULINGS OF LAW FAXED | | |
| 9/10/03 | | TO ATTY NAM-KRANE AND ADA DUNDERDALE | | |
| 9/10/03 | | ORIGINAL PLACED IN FILE | | |
| 9/10/03 | JHH | JUDGE'S HEARING HELD | DGN | 9/09/03 |
| 9/10/03 | ZCOM | CASE CLOSED-DEFENDANT COMMITTED | | 5/29/97 |
| 9/16/03 | BF | BROUGHT FORWARD | KML | 5/29/97 |
| 9/16/03 | AFD | APPEAL FILED BY DEFT; CC: JUDGE & PROSECUTOR | KML | 9/15/03 |
| 9/16/03 | | ATTY MICHAEL NAM-KRANE FILED: | | |
| 9/16/03 | | NOTICE OF APPEAL; | | |
| 9/16/03 | | AFFIDAVIT IN SUPPORT OF NOTICE OF APPEAL; | | |
| 9/16/03 | | MOTION FOR FUNDS FOR TRANSCRIPT OF MOTION | | |
| 9/16/03 | | HEARING; AND | | |
| 9/16/03 | | AFFIDAVIT OF INDIGENCY IN SUPPORT OF MOTION | | |
| 9/16/03 | | FOR FUNDS. | | |
| 10/03/03 | CCO | CASSETTE COPY ORDERED BY APPELLANT | | |

| PAGE | DATE DOCKET PRINTED | | CLERK MAGISTRATE |
|---|---|---|---|
| 3 | 3/15/04 | A TRUE COPY ATTEST | [signature] |

CRF21B 3/15/04 9:01 AM

| RECORD OF CRIMINAL CASE | DOCKET NO. 9715 CR 001385 | Trial Court of Massachusetts District Court Department  |
|---|---|---|

| | | | | |
|---|---|---|---|---|
| 12/09/03 | NARS | NOTICE OF ASSEMBLY OF RECORD SENT | KML | |
| 12/16/03 | | NOTICE OF ENTRY RECEIVED FROM APPEALS COURT | | |
| 12/16/03 | |    CASE ENTERED:  12/15/03   NO. 2003-P-1611 | | |
| 12/19/03 | | ATTY MICHAEL NAM-KRANE FILED: | | |
| 12/19/03 | | MOTION TO CORRECT THE RECORD; | | |
| 12/19/03 | | AFFIDAVIT IN SUPPORT OF MOTION TO CORRECT THE | | |
| 12/19/03 | |    RECORD; AND, | | |
| 12/19/03 | | CORRECTED STATEMENT OF THE RECORD | | |
| 12/19/03 | TUA | JUDGE NAGLE | KML | |
| 12/23/03 | MA | MOTION TO CORRECT THE RECORD ALLOWED | DGN | |
| 12/29/03 | | NOTICE OF DOCKET ENTRY RECEIVED FROM THE | | 12/24/03 |
| 12/29/03 | |    APPEALS COURT: ... WITH RESPECT TO THE | | |
| 12/29/03 | |    MOTION TO STAY...ALLOWED...TO 01/23/04 | | |
| 12/29/03 | | NOTICE DATED: 12/23/03 | | |

| PAGE | DATE DOCKET PRINTED | | CLERK MAGISTRATE |
|---|---|---|---|
| 4 | 3/15/04 | A TRUE COPY ATTEST | [signature] |

CRF21B 3/15/04 9:01 AM