UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                           )
ENFENDIEU BULTUMER (also referred          )
    to in the docket as ENFENDLIEU      )
    BULTUMER),                            )
    Petitioner                            )
                                           )
    v.                                    )  CIVIL ACTION
                                           )  NO. 03-12561-REK
ANDREA J. CABRAL,                          )
    Respondent                            )
_____        )

**Memorandum and Order**
January 5, 2005

### I. Pending Matters

Pending for decision are matters related to the following filings:

(1) Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred (Docket No. 9) and Respondent's Memorandum of Law in Support (Docket No. 10) (both filed April 12, 2004); and

(2) Petitioner's letter in opposition (Docket No. 11) (filed April 19, 2004).

### II. Discussion

On December 5, 2003, Enfendieu Bultumer filed a letter with this court concerning his 1997 conviction in Brockton District Court for possession of cocaine, Mass. Gen. Laws ch. 94C, § 34. On December 30, 2003, this court allowed Mr. Bultumer additional time to re-file his letter using the proper form for a Section 2254 petition for writ of habeas corpus. (Docket No. 1) Mr. Bultumer had filed such a form on January 16, 2004 (Docket No. 3), and this court directed

the Clerk to serve the petition on respondent Sheriff Andrea J. Cabral. (Docket No. 4) The respondent filed a motion to dismiss the petition on April 12, 2004, on the grounds that the petition was time-barred. (Docket Nos. 9, 10) The petitioner responded with a letter in opposition on April 19, 2004. (Docket No. 11)

Bultumer's petition attacks the judgment of conviction by the Brockton District Court of May 29, 1997, for possession of cocaine. This conviction later became the basis for a final administrative order of removal, entered March 16, 2004, by the Board of Immigration Appeals. Bultumer has challenged that removal order in a separate petition in the district court, Civ. Act. No. 04-10695-NMG. In this petition, Bultumer challenges the validity of the 1997 conviction on several grounds, including the ground that the prosecutor "never presented a certificate of Drug Analize of the controlle substance which was believe to be crack cocaine." [sic] (Petition, Docket No. 3, at 5)

During the pendency of this petition, Bultumer obtained counsel who collaterally attacked the 1997 conviction in state court proceedings. On July 15, 2004, the Appeals Court of Massachusetts ruled in Bultumer's favor, issuing a short opinion that reversed an order of the Brockton District Court, which had denied Bultumer's "emergency motion for a verdict of not guilty." Commonwealth v. Bultumer, 61 Mass. App. Ct. 1118, 2004 WL 1586401. The Appeals Court held that "the evidence at trial was insufficient to show that the substance found in the defendant's apartment was cocaine." Id. Bultumer's collateral attack in state court successfully invalidated his 1997 conviction, and thus Bultumer has received from those courts the relief he sought from this court. A case becomes moot if a party "has obtained everything that it could recover in this case by a judgment of this court in its favor." California v. San Pablo & Tulare

<u>R.R.</u>, 149 U.S. 308, 314 (1893). Therefore, I conclude that I should dismiss the petition as moot.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) Respondent's Motion to Dismiss (Docket No. 9) is DISMISSED as moot.

(2) The Clerk is directed to enter forthwith on a separate document a Final Judgment as follows:

> For the reasons stated in the Memorandum and Order of this date, it is
>
> ORDERED:
>
> This civil action is DISMISSED.

        /s/Robert E. Keeton
        Robert E. Keeton
    Senior United States District Judge